IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br><br>   Plaintiff,<br><br>   v.<br><br>ANDES, et al.,<br><br>   Defendants. | No. 2:22-cv-02239-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a Defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the Defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific Defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint.  See ECF No. 1.  Plaintiff names the following as Defendants, all of whom are alleged to be correctional officials at California State Prison – Sacramento (CSP-Sac.): (1) Andes—associate warden; (2) Williamson—captain; (3) Shroeder—lieutenant; (4) Ericson—sergeant; (5) Gregory—correctional officer; (6) Smith—correctional officer; (7) Williams—correctional officer; (8) Acuna—correctional officer; and (9) Navarro—registered nurse.  See id. at 2-3.

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights. See id. at 12-17. Plaintiff requests punitive damages, compensatory damages, nominal damages, recovery of all court costs, attorney's fees (should counsel be appointed), and any additional relief the court sees fit. See id. at 8. Plaintiff clarifies at a different point in the complaint that his request for relief is sought against each Defendant in their individual capacity. See id. at 21. Plaintiff additionally requests prejudgment interest, restitution the court deems just and appropriate, costs of suit, and damages in the amount deemed appropriate at trial. Id.

Plaintiff asserts that on June 28, 2022, he experienced adverse mental health symptoms because of "escalating tensions" with prison staff. See id. at 13. Plaintiff alleges that the tense situation stemmed from reoccurrences of discrimination and misconduct. Id. Plaintiff asserts that he was refusing to return handcuffs and would not communicate with staff. Id. Plaintiff states that responding officers, among whom were Defendants Andes, Williamson, Shroeder, and Ericson, initiated a forced extraction and deployed O.C. vapor. See id. Plaintiff states that Defendants Gregory, Smith, Williams, Acuna, and Navarro were also present, either as participants or as observers. Id. Plaintiff contends that he submitted after a second spray of the

2

O.C. vapor. Id. Plaintiff claims that he could not breathe and was saying so out loud. See id. at 13-14. Plaintiff alleges that, after he returned the handcuffs, he was not let out and the port at the front of his cell was sealed. Id. Plaintiff states that the power in his cell was then turned off. Id. Plaintiff claims that this resulted in his cell being pitch black and having no ventilation as the only window of the cell was previously covered with a tarp. Id.

   Plaintiff alleges he was in pain, repeatedly fell to the floor, and was struggling to breathe to the extent that he had to breathe through an exhaust vent. See id. at 16. Plaintiff asserts that he said he was suicidal in an attempt to get pulled out of his cell, but that Defendants Andes, Williamson, Shroeder, Ericson, Gregory, Williams, Acuna, and Navarro stood there to take in what was happening. Defendants then gathered their equipment and some left the scene. See id. at 14. Plaintiff alleges his cell's power came back on after forty-five minutes and the tarp over the window was removed. See id. at 18-19.

   Plaintiff asserts that Defendants Navarro, Smith, and Gregory, remained by his cell. Plaintiff was asked if he wished to be removed from his cell. Plaintiff was still suffering from the effects of the O.C. vapor. See id. at 15. Plaintiff states that he replied, "yes." Id. Plaintiff claims that Defendant Navarro then started to conduct 7219 Medical Evaluation on Plaintiff. Id. Plaintiff alleges that he had difficulty responding to questions because he was gasping. Defendant Navarro left prior to completing the assessment. Id.

   Plaintiff contends that, while still suffering from the effects of the O.C. vapor, he splashed water onto Defendant Smith. Id. at 19. Plaintiff claims he did this because (1) he knew it would cause Smith to alert other prison personnel which might lead to Plaintiff getting decontamination treatment, and (2) he was angry. See id. Plaintiff states that Smith then alerted other prison personnel. Id. Plaintiff contends that prison staff responded and then dispersed, leaving only Defendants Caraballo and Falco present. Id. Plaintiff asserts that he was then ordered to leave his cell, but he refused. Id. Plaintiff states Defendant Andes then returned and a second forced extraction took place. Id.

/ / /

/ / /

## II.  DISCUSSION

For federal claims, Plaintiff asserts that his rights pursuant to the Eighth Amendment were violated.[1] Specifically, Plaintiff argues that Defendants violated his rights (1) by using excessive force, and (2) by failing to provide proper medical care.  As discussed below, the Court finds that Plaintiff's excessive force claim is defective and his medical care claim is cognizable.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

**A.     Excessive Force**

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect

---

[1] Plaintiff also asserts a state law claim based on infliction of emotional distress.

4

on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

Allegations of excessive force are asserted by Plaintiff in Claim 3 and again more broadly in Claim 4 of his complaint. ECF No. 1, pgs. 6, 7. In this case, Plaintiff admits that the reason he was sprayed with O.C. vapor was because he refused to comply with prison staff. See id. at 13. Plaintiff admitted that his insubordination was motivated by escalating tensions with prison staff. Id. Plaintiff does not provide more detail about what those tensions were or what caused them. The use of O.C. vapor on an inmate who is not complying with orders from prison staff by itself is not serious enough to result in the denial of the minimal civilized measure of life necessities. Further, there are no facts alleged which indicate that the use of the O.C. vapor was done unnecessarily for the purpose of harming. Plaintiff's own alleged facts indicate that the O.C. vapor was sprayed for the legitimate penological purpose of subduing a non-compliant inmate. See id. While the denial of medical attention following this instance is deeply concerning for the Court, the initial force—the use of O.C. vapor during a forced cell extraction—does not raise the same Eighth Amendment concerns. See Whitley, 475 U.S. at 321-22.

Nonetheless, the Court will provide Plaintiff an opportunity to amend his excessive force claims in the event he can allege facts which indicate the use of force for the purpose of causing pain.

///

**B.** **Medical Care**

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

///

Plaintiff alleges in Claim 1 and again more broadly in Claim 4 of his complaint that he was subject to deliberate indifference with regard to the medical care that was the responsibility of Defendant. ECF No. 1, pgs. 4, 7. Here, Plaintiff states that all Defendants were present throughout the events that give rise to this claim. See id. at 13. Plaintiff's asserted facts demonstrate to this Court that he was in clear need of medical attention and that all Defendants were or should have been aware of that fact. Defendants' omission to act when Plaintiff was struggling to breathe for over half an hour is serious enough such that it results in the denial of the minimal civilized measure of life's necessities. Plaintiff's asserted facts also show that all Defendants omitted to provide medical care and that their decision to do so was unnecessary, wonton, and for the purpose of harming Plaintiff.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and

recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: April 7, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE